Case 1:13-cv-00098 Document 12 Filed in TXSD on 03/17/16 Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EDGAR HERNAN SALMERON-LUNA,** | § | |
|     Petitioner | § | |
| | § | |
| v. | § | **Civil Action No. 1:13-98** |
| | § | **Criminal No. B:11-577-1** |
| **UNITED STATES OF AMERICA,** | § | |
|     Respondent | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 20, 2013, Petitioner Edgar Hernan Salmeron-Luna ("Salmeron-Luna") filed a Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1. On July 22, 2013, the United States timely responded to the motion. Dkt. No. 11.

After reviewing the record and the relevant case law, the Court **RECOMMENDS** that Salmeron-Luna's petition be **DISMISSED,** because he waived his right to file the instant petition. Furthermore, if Salmeron-Luna's petition is not dismissed, it should be **DENIED**, because it is legally and substantively meritless.

### I. Procedural and Factual Background

On June 21, 2011, a federal grand jury – sitting in Brownsville, Texas – indicted Salmeron-Luna for illegally re-entering the United States after having been previously excluded, deported or removed.[1] U.S. v. Salmeron-Luna, Criminal No. 1:11-577-1, Dkt. No. 6 (J. Hanen, presiding) (hereinafter "CR").

### A. Rearraignment and Waiver of Appellate Rights

On July 27, 2011, Salmeron-Luna appeared before the Magistrate Judge and pled guilty to illegally re-entering the United States, pursuant to a written plea agreement. CR Dkt. No. 14.

---

[1] While the indictment also alleged that Salmeron-Luna had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. Appx. 823 (5th Cir. 2009)(unpubl.).

Both Salmeron-Luna's written plea agreement and plea colloquy indicate that Salmeron-Luna knowingly and voluntarily waived his appellate rights. CR Dkt. No. 14, ¶ 11; CR Dkt. No. 36, pp. 21-23.

As relevant here, paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined <u>on any grounds set forth in Title 18 U.S.C. § 3742</u>.  Additionally, the defendant is aware that Title 18, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding, <u>including but not limited to Title 28, U.S.C. § 2255.</u>
>
> If the defendant files a notice of appeal following imposition of sentence, the government will seek specific performance of this provision.

CR Dkt. No. 14, ¶ 11.

During the plea colloquy, the Magistrate Judge clearly established that Salmeron-Luna understood he was waiving his appellate rights.

> [Court]: Now, I told you that I was going to talk to you about your appellate rights, and this is where we're going to do that. I'm going to call your attention to the agreement itself. On page number 11 -- I'm sorry -- on page number four, paragraph number eleven. In paragraph number eleven, it states that each one of you is aware that Title 18, United States Code, section 3742 affords you the right to appeal the sentence imposed in this case. By entering into this agreement with the Government, you agree to waive and to give up your right to appeal the sentence imposed or the manner in which it was determined on any grounds that are set forth in Title 18, United States Code, section 3742.
>
> Additionally, the defense -- it says here that you are also aware that Title 28, United States Code, section 2255 affords you the right to contest your conviction or sentence after the conviction or sentence has become final. Again, by entering into this agreement with the Government, you agree to waive and give up your right to contest your conviction or sentence by means of any post conviction proceedings, including, but not limited to Title 28, United States Code, section 2255.
>
> What this means . . . is that you have given up all of your rights to appeal, save and except any claims you might have against your attorneys for

>ineffective assistance of counsel or against the Government's attorneys for prosecutorial misconduct. If you were to file an appeal in this case for any reason other than ineffective assistance of counsel or prosecutorial misconduct, your appeal would be dismissed because of this agreement.
>    Do you understand that . . . Mr. Salmeron?
>[Salmeron-Luna]: Yes, sir.

CR Dkt. No. 36, pp. 21-23.

The Court established that Salmeron-Luna had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 36, pp. 11-26. Salmeron-Luna informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Salmeron-Luna that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Salmeron-Luna to something more than Salmeron-Luna might anticipate. Id. Salmeron-Luna stated that he had been informed of the possible sentences that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Salmeron-Luna gave up the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Salmeron-Luna confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Salmeron-Luna entered a plea of guilty to the charge of illegally re-entering the United States. Id. at pp. 49-53.

On July 27, 2011, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Salmeron-Luna's guilty plea. CR Dkt. No. 12.

### B. Sentencing

In the final presentence report, Salmeron-Luna was assessed a base offense level of eight. CR Dkt. No. 16, pp.4-5. Salmeron-Luna was also assessed a 16-level enhancement because he had a previous conviction for a crime of violence, namely a 2006 state felony

3

conviction for arson. Id. Salmeron-Luna received a three-level reduction for acceptance of responsibility. Id. Thus, Salmeron-Luna was assessed a total offense level of 21. Id.

Regarding his criminal history, Salmeron-Luna had seven prior adult criminal convictions, which resulted in eight criminal history points. CR Dkt. No. 16, pp. 6-9. With eight criminal history points, Salmeron-Luna was assessed a criminal history category of IV. Id. The presentence report, based upon Salmeron-Luna's offense level of 21 and criminal history category IV, identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 12.

On October 25, 2011, Salmeron-Luna, through his appointed counsel, filed objections to the PSR. CR Dkt. No. 20. Salmeron-Luna made two objections: (1) that the 2006 arson offense was a deferred adjudication and thus was not a felony conviction that qualified for the crime of violence enhancement; and (2) the Sentencing Guidelines for illegal re-entry were fatally flawed. Id.

On October 31, 2011, the District Court adopted the Magistrate Judge's report and recommendation, accepting Salmeron-Luna's guilty plea. CR Dkt. No. 24.

On that same day, the District Court held the sentencing hearing. The District Court denied Salmeron-Luna's objections to the PSR. CR Dkt. No. 33.

The Government moved for an additional two level downward departure "in exchange for the defendant's early plea and in exchange for his waiver of appellate rights." CR Dkt. No. 33, p. 8. The Court granted the Government's motion, which reduced Salmeron-Luna's base offense level to 19. Salmeron-Luna's revised guideline sentencing range was 46 to 57 months. Id.

At sentencing, Salmeron-Luna's attorney sought a downward sentencing variance, essentially arguing that Salmeron-Luna had culturally assimilated to the United States. CR Dkt. No. 33, pp. 8-9. That motion was denied. Id.

The District Court sentenced Salmeron-Luna to 46 months of incarceration, three years of supervised release – without supervision – and a $100.00 special assessment, which was remitted. CR Dkt. No. 33, pp. 10-12. The judgment was entered on November 4, 2011. CR Dkt. No. 26.

**C. Direct Appeal**

On November 7, 2011, Salmeron-Luna filed a notice of appeal. CR Dkt. No. 28.

On March 6, 2012, Salmeron-Luna's appointed appellate counsel filed an Anders[2] brief, asserting that there were no meritorious issues for appeal. U.S. v. Salmeron-Luna, Case No. 11-41238.

On April 23, 2012, Salmeron-Luna filed his response to his counsel's motion to withdraw. As relevant here, Salmeron-Luna asserted several grounds for relief: (1) the Court incorrectly assessed a 16-level enhancement for the arson case, given that it was a deferred adjudication and was subsequently dismissed after completion of the deferred period; (2) he was denied "fast track" at sentencing; (3) the Court incorrectly viewed his 2010 conviction for evading arrest as an aggravated felony; and (4) the Court failed to consider the factors enumerated at 18 U.S.C. § 3553(a) in reaching his sentence. Id.

On June 19, 2012, the Fifth Circuit dismissed the case, holding that "the appeal presents no nonfrivolous issue for appellate review." CR Dkt. No. 41.

Neither the Fifth Circuit docket nor the Supreme Court docket reflect the filing of a petition for certiorari.

**D. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On May 20, 2013, Salmeron-Luna timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his petition, Salmeron-Luna made four claims for relief:

(1) counsel was ineffective for failing to argue that the prior arson case was not a crime of violence for purposes of the sentencing enhancement;

(2) the Government incorrectly classified his 2007 conviction for evading arrest as an aggravated felony;

(3) counsel was ineffective for failing to get Salmeron-Luna a reduced sentence pursuant to "fast track;"

(4) the District Court failed to consider all of the factors listed in 18 U.S.C. § 3553(a)

---

[2] Anders v. Calif., 386 U.S. 738 (1967).

in arriving at a sentence. Dkt. No. 1. These claims are identical to the ones made to the Fifth Circuit on direct appeal.

On May 23, 2013, the Court ordered the Government to respond to Salmeron-Luna's petition. Dkt. No. 6.

On July 22, 2013, the Government timely filed a response to the petition. Dkt. No. 11. The Government seeks specific performance of the plea agreement, asserting that Salmeron-Luna waived his right to file the instant petition and that, even if not waived, Salmeron-Luna's claims are substantively meritless. Id.[3]

## II. Applicable Law

### A. Section 2255

Salmeron-Luna seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction,

---

[3] The Bureau of Prisons website shows that Salmeron-Luna was released from custody on November 25, 2014. That release, however, does not render this petition moot. His three-year term of supervised release term started on the day that he was released from prison and has not yet expired. U.S. v. Garcia-Rodriguez, 640 F.3d 129, 132 (5th Cir. 2011). Supervised release satisfies the requirement that a prisoner be in custody for purposes of § 2255. Pack v. Yusuff, 218 F.3d 448, 454 n. 5 (5th Cir. 2000). Moreover, given the absence of merit to Salmeron-Luna's claims, he has suffered no harm from the time it has taken to resolve his § 2255 petition.

allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

Nevertheless, as a general matter, an informed and voluntary waiver of post-conviction relief bars relief pursuant to 28 U.S.C. § 2255. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 722 (5th Cir. 2007). Waiver will not preclude relief, however, if petitioner's waiver and guilty plea are the product of ineffective assistance of counsel. See U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel claim may only challenge the assistance directly related to the effectiveness of the waiver).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of proceeding would have been different." Strickland, 466 U.S. at 694

Once a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994). A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002). The relevant legal standards as to each of Salmeron-Luna's claims are addressed in the following sections examining those allegations.

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Salmeron-Luna's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Salmeron-Luna's claims.

### A. Waiver of Appellate Rights

In various allegations, Salmeron-Luna has asserted that his counsel was ineffective. These allegations entitle Salmeron-Luna to no relief. He waived his right to appeal or collaterally attack his sentence when he entered into a plea agreement with the United States. His waiver bars relief under 28 U.S.C. § 2255. U.S.v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). Such waivers preclude relief for ineffective assistance of counsel, unless the ineffective assistance "directly affected the validity of that waiver or the plea itself." U.S. v. White, 307 F.3d 336, 343 (5th Cir. 2002). That exception does not apply in this case. All of Salmeron-Luna's allegations of ineffective assistance of counsel relate to his sentencing, which arose after the plea and subsequent to the waiver. The timing of such purported ineffective assistance precludes it from affecting entering the plea or the waiver. Thus, the remaining question is whether the waiver otherwise applies to Salmeron-Luna's petition in the instant case.

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the

8

circumstances at hand, based on the plain language of the agreement." U.S. v. Scallon, 683 F.3d 680, 682 (5th Cir. 2012) (quoting U.S. v. Jacobs, 635 F.3d 778, 781 (5th Cir. 2011) (per curiam)). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

Salmeron-Luna knowingly and voluntarily waived his appellate rights. The record reveals that the plea agreement expressly stated that Salmeron-Luna was aware of both his right to directly appeal his sentence, pursuant to 18 U.S.C. § 3742, and his right to collaterally attack his conviction and sentence after the conviction and sentence were final, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 14, ¶ 11. That same paragraph indicates that Salmeron-Luna was giving up those rights.

Furthermore, the plea colloquy established that Salmeron-Luna understood that he had those rights and that, as part of his plea agreement, he was giving up those rights. CR Dkt. No. 36, pp. 21-23. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Salmeron-Luna provided no evidence contradicting his in-court statements. Indeed, Salmeron-Luna was informed of his rights and indicated that he wished to waive them pursuant to the plea agreement. Accordingly, the record establishes, without doubt, that Salmeron-Luna's waiver was knowingly and voluntarily made.

Further, Salmeron-Luna's waiver clearly applies to this case. Salmeron-Luna is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, this case should be dismissed based upon that waiver.

Even if Salmeron-Luna had not waived his right to file the instant petition, the result would not be no different if the Court considers the merits of his claims. The Court notes that Salmeron-Luna raised identical claims to these during his direct appeal and the Fifth Circuit denied them. CR Dkt. No. 41. Thus, it would appear that these claims have already been addressed and rejected by the Fifth Circuit and should not be re-litigated. U.S. v. Kalish,

780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). For the sake of completeness, the Court will address Salmeron-Luna's substantive claims.

### B.  Failure to Challenge the Characterization of the Arson Conviction

Salmeron-Luna has asserted that his counsel was ineffective for failing to object to the 16-level enhancement based upon the deferred adjudication status of the arson case, where he successfully completed the deferred period. This claim is contrary to both the record and the law.

Salmeron-Luna's counsel objected – both in writing and at the sentencing hearing – to the use of the deferred adjudication in assessing the 16-level enhancement. CR Dkt. Nos. 20, 33. The fact that the argument was ultimately unsuccessful does not mean the lawyer was ineffective. Chandler v. U.S., 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc) ("Nor does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness.").

Furthermore, the Court was correct in assessing the 16-level enhancement. Salmeron-Luna pled guilty to the arson charge, thus admitting his guilt. CR Dkt. No. 25, pp. 1-2. The Fifth Circuit has concluded that a "diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding" is considered a conviction for purposes of the sentencing guidelines. U.S. v. Daniels, 588 F.3d 835, 837 (5th Cir. 2009) (citing U.S.S.G. § 4A1.2(f)). Because Salmeron-Luna admitted his guilt in the arson case, the fact that it was later dismissed because Salmeron-Luna completed the deferred probationary period is of no consequence. Therefore, this claim is foreclosed as a matter of law and should be denied.

### C.  Evading Arrest

Salmeron-Luna avers that the Government incorrectly classified his conviction for evading arrest as an aggravated felony. This claim is belied by the record.

At no point in the proceedings did the Government claim that Salmeron-Luna's 2007

conviction for evading arrest was an aggravated felony. It was not classified as such in the PSR and the Government made no such claim at sentencing. Moreover, there is no evidence that the District Court Judge considered or applied such a classification to the evading arrest allegation. This claim is meritless and should be denied.

### D. Fast Track

Salmeron-Luna asserts that his lawyer was ineffective for not securing him a two-level downward departure pursuant to "fast track." This claim is contradicted by the record.

At sentencing, the Government moved for a two-level downward departure, in exchange for Salmeron-Luna's early plea and waiver of appellate rights. This is consistent with the definition of "fast track." The fast track program is found at USSG 5K3.1 and allows the Government to create a program to give defendants credit for entering an early guilty plea pursuant to a written agreement. U.S. v. Gomez-Herrera, 523 F.3d 554, 558, n. 1 (5th Cir. 2008) (using fast track as a synonym for relief pursuant to U.S.S.G. § 5K3.1).

Given that Salmeron-Luna received the downward departure for fast track, this claim is meritless and should be denied.

### E. 18 U.S.C. § 3553(a) Factors

Salmeron-Luna avers that the District Court failed to consider all of the factors listed in 18 U.S.C. § 3553(a) in arriving at his sentence. As with his other claims, this one is also meritless.

While the District Judge did not specifically reference § 3553(a) in pronouncing the sentence, he did "adopt the factual findings and guideline applications in the presentence investigation report." CR Dkt. 33, p. 11. The District Judge sentenced Salmeron-Luna to a sentence at the bottom of the guideline sentencing range. If the sentence is within the guideline sentencing range, the Court will "infer" that the District Judge considered all of the factors for a fair sentence found in § 3553(a). U.S. v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Salmeron-Luna has provided no evidence to rebut this inference. Accordingly, this claim should be denied.

## IV. Recommendation

WHEREFORE it is **RECOMMENDED** that Edgar Hernan Salmeron-Luna's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, should be **DISMISSED** on the basis that Salmeron-Luna has waived his right to file the instant petition. Alternatively, it should be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Salmeron-Luna's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Salmeron-Luna's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec.

1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

      DONE at Brownsville, Texas, on March 17, 2016.

                                                  _____
                                                  Ronald G. Morgan
                                                  United States Magistrate Judge